IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHRISTOPHER L. AMERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 619-128 |
| ) | |
| TIMOTHY WARD; GREG DOZIER; ) | |
| THOMAS ROBERT TOOL; TERENCE ) | |
| KILPATRICK, Warden; YOLANDA BYRD, ) | |
| Tier Warden of Security; DERIC GODFRY, ) | |
| Unit Manager; SGT. QUAN JACKSON; ) | |
| LT. KENDRIC JACKSON; SGT. SUMNER; ) | |
| SMITH, Warden of Security; and LT. OSCAR ) | |
| WAYCASTER, ) | |
| ) | |
| Defendants.[1] ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Smith State Prison ("SSP") in Glennville, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

---

[1]The Court **DIRECTS** the **CLERK** to update the docket to be consistent with the above caption and complaint. (Doc. no. 2, pp. 1-2.) Plaintiff does not list Sherry Bland, Counselor Atkinson, and CO II Conaway as Defendants. (Doc. no. 8, p. 3.)

**I.     COMPLAINT ALLEGATIONS**

Plaintiff names as Defendants: (1) Timothy Ward; (2) Greg Dozier; (3) Thomas Robert Tool; (4) Terence Kilpatrick; (5) Yolanda Byrd; (6) Deric Godfry; (7) Sgt. Quan Jackson; (8) Lt. Kendric Jackson; (9) Sgt. Sumner; (10) Smith; and (11) Oscar Waycaster.  (Doc. no. 2, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 15, 2019, Plaintiff submitted an emergency grievance to Counselor Atkinson alleging Officer Conaway retaliated against Plaintiff by serving him food containing an unspecified harmful item.  (Id. at 6.)  An unknown staff member informed an inmate orderly that Plaintiff named inmates Allen, Playboy, Dallas, and Miller in the grievance.  (Id.)  On May 24, 2019, Plaintiff was involved in a series of altercations with these inmates, leading to Plaintiff being stabbed multiple times in the back, head, and right arm.  (Id. at 8-9.)  The incident lasted seven minutes and was recorded on "J-2" cameras.  (Id. at 9.)  Prison officials delayed responding to the incident.  (Id.)  Plaintiff lost consciousness and was airlifted to Memorial Health Hospital with a punctured lung, fractured ribs, and stab wounds.  (Id.)  Plaintiff spent four days in the hospital with a chest tube draining blood from his lungs.  (Id. at 10.)

Plaintiff contends Defendants should have prevented his assault by improving the overall safety of the prison and by responding to Plaintiff's warnings that an assault on him was imminent.  Before the assault, Plaintiff notified Defendants Tool, Dozier, and Ward of the threat against him by letters explaining his life was in danger due to complaints he filed against staff and inmates, the sharing of his complaints with inmates, and a prior incident where another inmate was stabbed after he complained about staff and inmates.  (Id. at 9-10.)  Plaintiff did not

2

receive a response from his letters, and no preventative measures were taken. (Id.)

In terms of the overall safety of the prison, Plaintiff complained to Defendants prior to his assault of an excessively high level of danger within the general population and in the lockdown unit. (Id. at 9.) In the one month prior to his assault, inmate stabbings occurred on a regular basis with no effort by prison officials to curb inmate access to knives and shanks. (Id.) "Defendants Kilpatrick, Smith, Byrd, Lt. Jackson, Godfry, [and] Sgt. Jackson [were] aware of the stabbings . . . but . . . refused to take appropriate action, [to] insure the safety of the inmates . . . . by conducting adequate cell and body searches, and searches according to Tier Policy . . . ." (Id. at 9.) The prison's response to Plaintiff's assault is an example of the lackluster security measures. (Id. at 10.) When Plaintiff returned to SSP from the hospital, investigators did not interview him, and the inmates responsible for Plaintiff's injuries were never disciplined. (Id.)

Plaintiff returned from the hospital on May 29th and requested medical attention because of difficulty breathing and chest pains. (Id.) From May 31st through June 2nd, Plaintiff informed Warden Brown he needed medical attention but did not receive any treatment. (Id.) On June 3, 2019, Plaintiff filed a grievance concerning the May 24th stabbing and Defendants' failure to protect him from harm, mailing a copy of the grievance to Defendant Dozier. (Id.)

That same day, Plaintiff kept his door flap open in hopes of receiving medical attention and air. (Id.) Despite knowing Plaintiff's medical condition, Defendant Sumner reported Plaintiff to Defendant Waycaster. (Id.) Defendant Waycaster pepper-sprayed Plaintiff's hands and yelled "you are not going to medical, put your hands in the flap." (Id.) Defendant Waycaster stopped long enough for Plaintiff to repeat his need for medical attention, then resumed pepper spraying Plaintiff as he waited to be handcuffed. (Id. at 11.) The pepper spray

3

entered Plaintiff's stab wounds, which caused severe pain and burning.  (Id.)  Plaintiff was not allowed to clean his cell, change his bedding, or take a shower after the incident.  (Id.)

Defendant Sumner watched and recorded as Plaintiff was pepper sprayed but failed to intervene.  (Id.)  Plaintiff informed Sgt. Quan Jackson he needed new bedding and medical attention, to which Sgt. Quan Jackson responded "ok," and walked away.  (Id.)  Nine hours elapsed with no medical attention or new bedding.  (Id.)  When Plaintiff complained to Nurse Linda Miller, she determined Sgt. Quan Jackson never notified the medical unit of Plaintiff's need for medical attention, and approximately one hour later, Sgt. Quan Jackson and Lt. Kendric Jackson took Plaintiff to the medical unit to see Dr. Brown.  (Id.)  However, Dr. Brown only treated Plaintiff's stab wounds and did not evaluate Plaintiff for any injuries caused by the pepper spray.  (Id.)

From these facts, Plaintiff asserts the following claims as specified in pages twelve and thirteen of the complaint:

1. Failure to investigate Plaintiff's assault, punish his assailants, and implement reforms to make the prison safer, against Defendants Dozier, Ward, Tool, Kilpatrick, Byrd, and Smith;

2. Failure to adopt security measures to stem the tide of regular stabbings occurring within the general population and the lockdown unit, against Defendants Dozier, Ward, Tool, Kilpatrick, Byrd, Smith, Godfry, Sgt. Quan Jackson, and Lt. Kendric Jackson;

3. Failure to protect Plaintiff from the specific threat of an assault created by the grievance he filed against Counselor Atkinson despite Plaintiff notifying

4

> Defendants of this specific threat, against Defendants Dozier, Ward, Tool, Kilpatrick, Byrd, Smith, Godfry, Sgt. Quan Jackson, and Lt. Kendric Jackson;

4. Excessive force and retaliation claims against Defendant Waycaster for repeatedly spraying him with pepper spray and refusing to clean up Plaintiff's cell and obtain new bedding after the pepper spraying;

5. Deliberate indifference to medical needs claim against Defendant Waycaster and Sgt. Quan Jackson, for refusing to obtain medical assistance for Plaintiff's stab wounds after the pepper spraying and refusing to clean up Plaintiff's cell and obtain new bedding after the pepper spraying; and

6. Failure to intervene claim against Defendant Sumner, for failing to intervene and protect Plaintiff from Defendant Waycaster's excessive force and retaliation.

For relief, Plaintiff requests monetary damages and declaratory and injunctive relief. (Id. at 12-13.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

5

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Claim One Fails to State an Independent Claim for Relief

Claim One alleges Defendants failed to investigate Plaintiff's assault, failed to punish his assailants, and failed to implement reforms to make the prison safer. To the extent Plaintiff claims Defendants failed to investigate his assault and punish the assailants, Plaintiff fails to state a claim because he has no cognizable interest in the investigation, charging, and punishment of his assailants.[2] To the extent Plaintiff alleges these facts to show lackluster security measures at SSP, Claim One is subsumed into Claim Two.

### C. Claim Two States a Valid Claim For Unsafe Prison Conditions But Only Against Defendants Responsible for SSP Policies Concerning Inmate Safety

"An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014). The focus of

---

[2] See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted); Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); Dixon v. Green Tree Servicing, LLC, Case No. 19-80022-CIV-MARRA/MATTHEWMAN, 2019 WL 2866495, at *7 (S.D. Fla. July 3, 2019) (recognizing claim by private citizens for violation of Uniform Code of Military Justice not actionable); O'Neal v. United States, Case No. 5:19-cv-00090-LCB, 2019 WL 330140, at *1 (N.D. Ala. Jan. 25, 2019) ("federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions"); Wise v. Heddell, Civ. Act. No. 5:09-cv-127 (CAR), 2010 WL 2688730, at *5 (M.D. Ga. July 1, 2010) (explaining constitutional separation of powers does not allow for court interference with discretionary powers of executive branch control over criminal prosecutions).

such a claim is prison customs and policies that affect prison safety, such as policies regarding inmate segregation, prevention of overcrowding, prisoner movements, lockdowns, inmate screenings, and disciplinary procedures. See, e.g. Marsh v. Butler County, 268 F.3d 1014, 1029 (11th Cir. 2001) (en banc), *abrogated on other grounds by* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (analyzing strength of claim by inadequacies in such prison management customs and policies).

Because such a claim focuses on prison customs and policies, Plaintiff has failed to state a valid claim with respect to defendants for whom there is no allegation or reasonable inference of their authority to develop, implement, or change prison customs and policies that affect inmate safety. Plaintiff listed the names and titles of the defendants against whom he is asserting this claim as follows: (1) Timothy Ward, Georgia Department of Corrections ("GDOC") Commissioner; (2) Greg Dozier, GDOC Commissioner; (3) Thomas R. Tool, GDOC Regional Director; (4) Terence Kilpatrick, SSP Head Warden; (5) Yolanda Byrd, SSP Tier Warden of Security; (6) Deric Godfry, SSP Tier Unit Manager; (7) Quan Jackson, Sergeant, SSP "Tier Lockdown Unit"; (8) Kendric Jackson, Lieutenant, SSP "Tier Lockdown Unit"; and (9) FNU Smith, SSP Warden of Security. (Doc. no. 2, pp. 1-2.) In the absence of any allegation concerning each defendant's authority and areas of responsibility, the Court will liberally construe from the job titles listed in the complaint that authority and responsibility for inmate security customs and policies lies with SSP Head Warden Kilpatrick, SSP Tier Warden of Security Byrd, and SSP Warden of Security Smith. Count Two fails to state a claim against the remaining defendants, i.e. (1) GDOC Commissioner Ward; (2) GDOC Commissioner Dozier;

8

(3) GDOC Regional Director Tool; (4) SSP Tier Unit Manager Godfry; (5) Sgt. Quan Jackson; and (6) Lt. Kendric Jackson.

### D. Claim Three Does Not State a Valid Failure to Protect Claim Because the Complaint Does Not Allege Subjective Knowledge of a Particularized Threat or Fear

Plaintiff alleges prison officials failed to protect him from the assault despite Plaintiff notifying them in advance of the threat. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[3] When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

To show the defendant subjectively knew an inmate faced a substantial risk of serious harm, the complaint must allege the defendant was aware of a particularized threat or fear. McBride v. Rivers, 170 F. App'x 648, 654 (11th Cir. 2006). "The defendant must be aware of specific facts from which an inference could be drawn that a substantial risk of serious

---

down prior to October 1, 1981.

harm exists—and the defendant must also draw that inference." Id.  Plaintiff's allegations fail to establish such a particularized threat or fear.  Plaintiff alleges that, before the assault, he notified Defendants Tool, Dozier, and Ward of the threat against him by letters.  However, rather than describing a specific threat to harm him, the letters merely explained Plaintiff believed his life was in danger because (1) he filed complaints against staff and inmates; (2) inmates learned about the complaints; and (3) in a prior incident, another inmate was stabbed after making a similar complaint.  (Doc. no. 2, pp. 9-10.)  These allegations fail to establish the existence of a particularized threat or fear or Defendants' awareness of such a threat or fear.[4]

For these reasons, Plaintiff fails to state an Eighth Amendment claim for failure to protect against Defendants Dozier, Ward, Tool, Godfry, Sgt. Quan Jackson, and Lt. Kendric Jackson.

### E.     Plaintiff Fails to State an Official Capacity Claim Against Defendants

Plaintiff sues Defendants individually and in their official capacities.  (Doc. no. 2, p. 2.)  However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages.  Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official

---

[4] See, e.g. Daniels v. Felton, 823 F. App'x 787, 790 (11th Cir. 2020) (*per curiam*) (finding "generalized danger of housing rival gang members in the same prison," failed to establish subjective awareness despite defendants' awareness of gang fight two months earlier); Winstead v. Williams, 750 F. App'x 849, 852 (11th Cir. 2018) (*per curiam*) (finding insufficient plaintiff's broad assertion he made prison staff "'very aware of [his] unsafe living situation' and 'begged' them to move him to a safer living environment'" ); Estate of Owens v. GEO Grp., Inc., 660 F. App'x 763, 770 (11th Cir. 2016) (*per curiam*) (dismissing claim because defendant had no actual knowledge attacker posed a particularized threat to plaintiff);. McBride, 170 F. App'x at 655 (11th Cir. 2006) (*per curiam*) (finding plaintiff's statement to defendant he feared for his life "did not identify a specific prior incident, from which the defendant could infer that a substantial risk existed."); Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's generally problematic nature to impose liability for failing to protect against attack).

capacity claims against Defendants for monetary relief fail as a matter of law should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's Count One claim alleging inadequacies in the response to his purported assault be **DISMISSED**; Plaintiff's Count Two claim for unsafe prison conditions be **DISMISSED** as to Defendants Ward, Dozier, Tool, Godfry, Sgt. Quan Jackson, and Lt. Kendric Jackson, and these Defendants be **DISMISSED** from the case except Sgt. Quan Jackson; Plaintiff's Count Three claim alleging failure to protect be **DISMISSED**; and Plaintiff's official capacity claims for monetary damages be **DISMISSED** as to all remaining Defendants. In a companion Order, the Court allows to proceed Plaintiff's Count Two claim for unsafe prison conditions against Defendants Kilpatrick, Byrd, and Smith; Plaintiff's Count Four claim for excessive force and retaliation against Defendant Waycaster; Plaintiff's Count Five claim for medical deliberate indifference against Defendants Waycaster and Sgt. Quan Jackson; and Plaintiff's Count Six claim for failure to intervene against Defendant Sumner.

SO REPORTED AND RECOMMENDED this 13th day of November, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA