IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CHRISTOPHER L. AMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV 619-128 |
| SGT. SUMNER; SMITH, Warden of | ) |
| Security; TERENCE KILPATRICK, | ) |
| Warden; YOLANDA BYRD, Tier Warden of | ) |
| Security; SGT. QUAN JACKSON; and | ) |
| LT. OSCAR WAYCASTER, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Smith State Prison ("SSP") in Glennville, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 5), Defendants' motions to dismiss be **GRANTED**, (doc. nos. 22, 29, 34), this civil action be **DISMISSED** without prejudice, and an appropriate judgment of dismissal be **ENTERED**.

**I.      BACKGROUND**

    **A.      Procedural History**

On June 16, 2020, the Court granted Plaintiff permission to proceed IFP, and screened the complaint on November 13, 2020. (Doc. nos. 6, 14, 16.) The Court allowed to proceed

Plaintiff's Count Two claim for unsafe prison conditions against Defendants Kilpatrick, Byrd, and Smith; Plaintiff's Count Four claim for excessive force and retaliation against Defendant Waycaster; Plaintiff's Count Five claim for medical deliberate indifference against Defendants Waycaster and Sgt. Quan Jackson; and Plaintiff's Count Six claim for failure to intervene against Defendant Sumner.  (Doc. no. 16.)  On January 26, February 17, and February 22, 2021, Defendants filed motions to dismiss, arguing Plaintiff's complaint should be dismissed pursuant to the Prison Litigation Reform Act's ("PLRA") "three strike" provision.  (See doc. nos. 22, 29, 34.)

### B. Legal Framework

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's

right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Amerson v. Allen, CV 618-062 (S.D. Ga. Mar. 25, 2019) (dismissing without prejudice for failure to disclose litigation history)[1]; (2) Amerson v. Allen, CV 617-156 (S.D. Ga. July 23, 2018) (dismissing without prejudice for failure to disclose litigation history); and (3) Amerson v. Hall, 5:07-CV-00148-CDL-CWH (M.D. Ga. Mar. 4, 2008) (dismissing for failure to follow court orders)[2]; see also Amerson v. Bland, CV 619-031 (S.D. Ga. Dec. 30, 2020) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

---

[1] Lying under penalty of perjury about existence of prior lawsuits is an abuse of the judicial process and qualifies as a strike under § 1915(g). Rivera, 144 F.3d at 731.

[2] Failure to comply with court orders has been characterized as an abuse of the judicial process and qualifies as a strike under § 1915(g). Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993).

Here, Plaintiff alleges on May 24, 2019, he was involved in a series of altercations with various inmates, leading to Plaintiff being stabbed multiple times in the back, head, and right arm. (Doc. no. 2, pp. 8-9.) Plaintiff lost consciousness and was airlifted to Memorial Health Hospital with a punctured lung, fractured ribs, and stab wounds. (Id. at 9.) Plaintiff spent four days in the hospital with a chest tube draining blood from his lungs. (Id. at 10.) Plaintiff contends Defendants should have prevented his assault by improving the overall safety of the prison and by responding to Plaintiff's warnings that an assault on him was imminent.

In terms of the overall safety of the prison, Plaintiff complained to Defendants prior to his assault of an excessively high level of danger within the general population and in the lockdown unit. (Id. at 9.) In the one month prior to his assault, inmate stabbings occurred on a regular basis with no effort by prison officials to curb inmate access to knives and shanks. (Id.) On June 3, 2019, Defendant Waycaster pepper sprayed Plaintiff which entered his stab wounds, causing severe pain and burning. (Id. at 10.) Plaintiff was not allowed to clean his cell, change his bedding, or take a shower after the incident. (Id. at 11.) Defendant Sumner failed to intervene, and Plaintiff was not evaluated for any injuries caused by the pepper spray. (Id.)

In their motion to dismiss, Defendants argue Plaintiff's complaint should be dismissed pursuant to the PLRA "three strikes" provision because he fails to satisfy the imminent danger exception. (Doc. no. 22-2.) Specifically, Defendants contend "Plaintiff's complaint lacks any specific allegation of contemporaneous imminent danger of serious physical injury and alleges only past constitutional violations" which do not qualify for the imminent danger exception. (Id. at 6.) In response, Plaintiff asserts he indeed qualifies for the imminent danger exception because of his May 24th assault and related injuries, and Defendants' deliberate indifference

4

to Plaintiff's safety and medical treatment.  (Doc. nos. 25, 35.)

While the Court does not take Plaintiff's allegations lightly, nothing in the complaint demonstrates Plaintiff "faced 'a present imminent danger'" at the time he signed his complaint on June 20, 2019, or was in jeopardy of any ongoing danger.  Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).  Indeed, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception . . ."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Further insufficient is Plaintiff's allegations of violence at the prison.  Plaintiff details multiple instances of violence at SSP within the general population and contends the prison's response to his assault is an example of the lackluster security measures.  "In the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]."  Purcell *ex rel.* Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).  While Plaintiff details multiple instances of inmate on inmate abuse, only one of which, Plaintiff's May 24th stabbing, is specific to him.

However, general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citation omitted); Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception); Sutton, 334 F. App'x at 279 (rejecting general claims of stress, anxiety, depression, and further deterioration of life as

insufficient to satisfy imminent danger exception); see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

### III.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 5), Defendants' motions to dismiss be **GRANTED**, (doc. nos. 22, 29, 34), this civil action be **DISMISSED** without prejudice, and an appropriate judgment of dismissal be **ENTERED**.  If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 9th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA